IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> **INSILCO TECHNOLOGIES,** *et al.*, ) <br> ) <br> Debtors. ) <br> ) <br> ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 02-13672 (KJC) <br><br> **Hearing Date: August 4, 2009 at 1:00 p.m.** <br> **Objection Deadline: July 28, 2009 at 4:00 p.m.** |

# MOTION FOR AN ORDER PURSUANT TO SECTIONS 501 AND 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE BANKRUPTCY RULES EXPUNGING THE REMAINING CLAIMS FROM THE CLAIMS REGISTER

Chad Shandler, as Trustee of the Insilco Liquidating Trust (the "Liquidating Trustee"), by and through his attorneys, Drinker Biddle & Reath LLP and Arent Fox LLP, hereby brings this Motion for an Order Pursuant to Sections 501 and 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules Expunging the Remaining Claims from the Claims Register (the "Motion"), and in support thereof respectfully represents as follows:

## PRELIMINARY STATEMENT

In September 2008, the Court approved the Liquidating Trustee's Distribution Motion (defined below) that was filed to ensure proper reconciliation of all unsecured claims and to allow the Liquidating Trustee to make a distribution. All unsecured creditors of the Insilco estate were notified of and served with the Distribution Motion and any and all formal or informal responses were addressed and resolved at the time of the filing. With this Motion, the Liquidating Trustee, out of an abundance of caution, seeks to expunge the few remaining claims that were already set forth in the Distribution Motion, but which have not yet been officially expunged from the claims register.

## BACKGROUND

1. On December 16, 2002, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. A plan (the "Plan") was confirmed by order entered June 10, 2004, and became effective on October 6, 2004 (the "Effective Date"). As of the Effective Date, the Liquidating Trustee's duties became operative.

3. The Liquidating Trustee reconciled the claims register after reviewing all of the claims filed and listed on the Debtors' schedules, and comparing each claim to the claims objections filed by the Trustee, the stipulations regarding claims entered between the Trustee and the claimants, and all Court orders regarding the claims objections. As a result of this claims reconciliation process, the Liquidating Trustee, on August 27, 2008, filed a Motion to Approve an Order Confirming and Fixing the Amount of Allowed Claims in Class 4 under the Debtors' Joint Liquidation Plan for Distribution Purposes (the "Distribution Motion").

4. On September 30, 2008, the Court granted the Distribution Motion. Thus, the Liquidating Trustee's accurate claims register was allowed, and there remained a separate claims register listing the few remaining disputed claims, attached hereto as Exhibit 1 (originally attached to the Distribution Motion as Exhibit C).

5. In response to the Distribution Motion, approximately five claimants requested certain clarifications as to the treatment of their claims. The Liquidating Trustee addressed all inquiries, and with the resolution of these inquiries, all disputed claims were resolved.

## RELIEF REQUESTED

6. The remaining claims on the register, listed on <u>Exhibit 1</u>, should be expunged as two of the claims are for warrants which have been expunged through the Debtors' Plan, and the remaining claims are those which were listed in the Debtors' schedules as "unknown" and for which no proofs of claim were filed.

7. The interested parties have been served and noticed by way of the Distribution Motion, and thus have had an opportunity to respond and be heard. Out of an abundance of caution, the Liquidating Trustee is again attaching <u>Exhibit 1</u> and serving it on interested parties in this Motion.

8. The Liquidating Trustee has reconciled all the claims, the Court has agreed with the reconciliation in granting the Distribution Motion, and the claimants listed in <u>Exhibit 1</u> were provided notice and an opportunity to be heard in relation to the Distribution Motion.

## NOTICE

9. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) all Allowed Class 4 Claimants; and (iii) each entity that filed a request for notice in accordance with Federal Rule of Bankruptcy Procedure 2002. The Liquidating Trustee respectfully submits that such notice is good and sufficient and that no other or further notice is necessary or appropriate.

10. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter an Order substantially in the form annexed hereto as <u>Exhibit 2</u>, expunging the claims set forth in <u>Exhibit 1</u>; and grant such other and further relief as is proper and just.

Dated: Wilmington, Delaware
June 26, 2009

Respectfully Submitted,
DRINKER, BIDDLE & REATH LLP

/s/David P. Primack
David P. Primack, Esq. (DE 4449)
1100 North Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 467-4200

-and-

ARENT FOX LLP
Andrew I. Silfen, Esq.
Heike M. Vogel, Esq.
1675 Broadway
New York, New York 10019
(212) 484-3900
*Attorneys for Chad Shandler,*
*Trustee of the Insilco Liquidating Trust*